IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KURNICUS HAYES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:23-cv-1546-S-BN |
| | § | |
| ARNOLD PATRICK, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

A jury in Dallas County convicted Petitioner Kurnicus Hayes of indecency with a child sexual contact, and, on June 3, 2016, he was sentenced to five years of imprisonment, that sentence was suspended, and he was placed on community supervision for ten years. *See* Dkt. No. 3 at 2-3; *State v. Hayes*, No. F13-30966-T (283d Jud. Dist. Ct., Dall. Cnty., Tex.), *aff'd*, No. 05-16-00740-CR, 2017 WL 5663612 (Tex. App. – Dallas Nov. 27, 2017, pet. ref'd).

Years later, on November 6, 2020, Hayes filed a state habeas petition raising the same grounds on which he now collaterally attacks his conviction in federal court under 28 U.S.C. § 2254. *See* Dkt. No. 3 at 3-9; *Ex parte Hayes*, No. WX20-93394-T (283d Jud. Dist. Ct., Dall. Cnty., Tex. Nov. 23, 2020) (denying habeas relief), *aff'd*, No. 05-21-00203-CR, 2022 WL 17828928 (Tex. App – Dallas Dec. 21, 2022, pet. ref'd).

The presiding United States district judge referred the *pro se* Section 2254 application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, under the circumstances here and for the reasons set out below, the Court should dismiss this federal habeas challenge with prejudice as time barred under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

### Legal Standards

Habeas Rule 4 allows a district court to summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." (citation omitted)).

While "the statute of limitations provision of the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329.

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th

Cir. 2010) (per curiam) (cleaned up; quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)).

Under the circumstances here, these findings, conclusions, and recommendation provide Hayes fair notice, and the opportunity to file objections to them (further explained below) affords a chance to present to the Court his position as to the limitations concerns explained below. *See, e.g.*, *Ingram v. Dir., TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J., dissenting from denial of cert.), then citing *Day*, 547 U.S. at 202 n.1).

"Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")).

One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that "begins running from the latest of four events." *Id.* at 497 (citing 28 U.S.C. § 2244(d):

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

"[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

"'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

But "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). So this "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal'

innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey[ v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)).

## Analysis

To start, although Hayes does not appear to be physically confined, the undersigned finds that, insofar as he remains subject to a ten-year term of community supervision imposed in 2016, Hayes is "in custody" under the state criminal judgment he now challenges under Section 2254.

Under 28 U.S.C. §§ 2241(c)(3) and 2254(a), "[a] habeas petitioner may seek relief from a state court judgment only if he is '"in custody" under the conviction or sentence under attack at the time his petition is filed.'" *Rubio v. Davis*, 907 F.3d 860, 862 (5th Cir. 2018) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). A petitioner need not be physically confined to be "in custody" for the purpose of habeas relief, *see, e.g.*, *Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979), and, as another judge of this Court has observed, a petitioner serving a term of community supervision "is in custody for state habeas purposes," *Collins v. Syed*, No. 3:19-cv-2433-G-BK, 2020 WL 690660, at *1 n.3 (N.D. Tex. Jan. 16, 2020) (citing *Maleng*, 490 U.S. at 491; *Ex parte Okere*, 56 S.W.3d 846, 852 (Tex. Crim. App. 2001)), *rec. accepted*, 2020 WL

635978 (N.D. Tex. Feb. 10, 2020).

Although Hayes may be "in custody" to allow him to attack his state criminal judgment, his Section 2254 challenge is untimely.

The timeliness of most Section 2254 applications is determined under Subsection A, based on the date on which the state criminal judgment became final. Such a judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at \*1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

A challenge under Subsection A would be years too late here, as the 2016 judgment became final in July 2016, or 90 days after the Texas Court of Criminal Appeals refused Hayes's petition for discretionary review on April 18, 2016, *see Hayes v. State*, PD-1366-17 (Tex. Crim. App.); *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (observing that, if a petitioner halts the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows 90 days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.

And, "[b]ecause [Hayes's] state habeas petition was not filed within the one-year period" that commenced in July 2016, "it did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citing, in turn, 28 U.S.C. § 2244(d)(2))).

But Hayes also appears to allege that the federal habeas petition is timely

under Section 2244(d)(1)(D) insofar as he asserts that he

> hired a habeas attorney in August of 2018. The habeas attorney had the case files for 2 years and never filed the writ. The petitioner fired the attorney and requested that all case file[s] and documents be turned over to him. Through due diligence the petitioner found the double jeopardy violation in October of 2020 and filed a state habeas petition within 30 days of the violation being revealed on November 6, 2020. Petitioner received files in October of 2020.

Dkt. No. 3 at 9.

Subsection D, the factual predicate provision of the statute of limitations, runs from "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)); *see also Vega v. Stephens*, No. 3:14-cv-551-P-BK, 2015 WL 4459262, at *3 (N.D. Tex. July 20, 2015) (defining "the factual predicate" as "the vital or principal facts underlying [a petitioner's] claims" (citing *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007); *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012))); *Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2016 WL 777695, at *5 (N.D. Tex. Jan. 19, 2016) ("Under Section 2244(d)(1)(D), the applicable date is the date on which vital facts are first discovered, not when evidence to support those facts is first acquired."), *rec. accepted*, 2016 WL 759564 (N.D. Tex. Feb. 26, 2016).

Hayes's allegation that he "found the double jeopardy violation in October of 2020" does not carry his burden under Subsection D. For example, the timeliness of the state habeas petition raising this claim was not at issue before the Dallas Court of Appeals, but that court, in holding that Hayes "forfeited the issue, and may not raise it in habeas proceedings," noted that Hayes "prosecuted a direct appeal to this

Court after conviction in the second trial. He raised three issues, none of which were double jeopardy, though that issue was indisputably ripe at the time." *Hayes*, 2022 WL 17828928, at *1 (citing *Hayes*, 2017 WL 5663612, at *1).

And, while he does not explicitly raise the argument, Hayes may not rely on any alleged ineffective assistance by his state habeas counsel to assert that the federal habeas challenge should be considered timely.

For example, insofar as he may base a tolling argument on *Martinez v. Ryan*, 566 U.S. 1 (2012), "*Martinez* established a narrow, equitable exception to procedural default; it has no applicability to the statutory limitations period prescribed by AEDPA," *Moody v. Lumpkin*, 70 F.4th 884, 892 (5th Cir. 2023); *see Murphy v. Davis*, 732 F. App'x 249, 256-57 (5th Cir. 2018) (per curiam) ("Under *Martinez* and *Trevino[ v. Thaler*, 569 U.S. 413 (2013)], the ineffectiveness of state habeas counsel may excuse a petitioner's procedural default 'of a single claim' – ineffective assistance of trial counsel." (quoting *Davila v. Davis*, 582 U.S. 521, 524 (2017)); *Ayestas v. Davis*, 138 S. Ct. 1080, 1093-94 (2018) ("*Trevino* permits a Texas prisoner to overcome the failure to raise a substantial ineffective-assistance claim in state court by showing that state habeas counsel was ineffective." (citing *Trevino*, 569 U.S. at 429)); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("Ineffective assistance of counsel is irrelevant to the tolling decision.").

The Court should therefore dismiss the Section 2254 petition with prejudice as

time barred.

## Recommendation

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner Kurnicus Hayes's 28 U.S.C. § 2254 habeas application with prejudice as time barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 18, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE