IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KURNICUS HAYES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:23-cv-1546-S-BN |
| | § | |
| ARNOLD PATRICK, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

The Court entered judgment dismissing Petitioner Kurnicus Hayes's application for a writ of habeas corpus under 28 U.S.C. § 2254 with prejudice as time barred on September 26, 2023. *See* Dkt. Nos. 4, 7, 8. Hayes noticed an appeal. *See* Dkt. No. 9. His motion for a certificate of appealability was denied. *See* Dkt. No. 12. And his petition for writ of certiorari to the Supreme Court was also denied. *See* Dkt. No. 13. Hayes then filed a motion for relief under Federal Rule of Civil Procedure 60(b). *See* Dkt. No. 14.

The Rule 60(b) motion remains referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from presiding United States district judge. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion.

While Rule 60(b) provides for relief from a final judgment or order, "a Rule 60(b) motion for relief from a final judgment denying habeas relief counts as a second or successive habeas application … so long as the motion 'attacks the federal court's

previous resolution of a claim on the merits.'" *Banister v. Davis*, 140 S. Ct. 1698, 1709 (2020) (cleaned up; quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

But "there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination" by, for example, arguing that a district court's ruling as to exhaustion, procedural default, or limitations was in error. *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (quoting *Gonzalez*, 545 U.S. at 532).

Hayes's motion attacks the Court's limitations analysis and may therefore be properly considered under Rule 60(b). Hayes specifically raised Rule 60(b)(6) as the basis of his motion, and he asserts that the basis for the motion is judicial error. *See* Dkt. No. 14. But in *Kemp v. United States*, 596 U.S. 528 (2022), the Supreme Court held that "[t]he ordinary meaning of the term 'mistake' in Rule 60(b)(1) includes a judge's legal errors." *Id.* at 534.

Rule 60(b)(6) is an option that "is available only when Rules 60(b)(1) through (b)(5) are inapplicable," *id.* at 533, so it does not apply to Hayes's motion alleging legal error. Instead, Hayes's motion should properly have been brought under Rule 60(b)(1).

And under Rule 60(c)(1), motions made under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or the date of the proceeding." FED. R. CIV. P. 60(c)(1). The motion must be made "within one year from the date of the

judgment of the district court" and "is not tolled by appeal." *Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, Local 480, AFL-CIO*, 460 F.2d 105, 108 (5th Cir. 1972). But Hayes did not file the present motion until more than six months after the expiration of the one-year limit for filing motions under Rule 60(b)(1), so his motion is untimely. *See Kemp*, 596 U.S. at 539.

## Recommendation

The Court should deny Petitioner Kurnicus Hayes's motion for relief based on judicial error under Federal Rule of Civil Procedure 60(b)(1) [Dkt. No. 14] as untimely, but should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: April 25, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE