# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KURNICUS HAYES | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-1546-S-BN |
| | § | |
| ARNOLD PATRICK | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Objections were filed. The Court reviewed the proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Accordingly, Petitioner Kurnicus Hayes's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) ("Motion") [ECF No. 14] is **DENIED**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability as to its denial of the Motion. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation filed in this case in support of its finding that Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right"

and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

But, insofar as Petitioner does appeal the denial of the Motion, the Court prospectively **DENIES** Petitioner leave to appeal *in forma pauperis* (IFP) and **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), and as fully explained in the applicable Findings, Conclusion, and Recommendation that any appeal would not be taken in good faith.

Petitioner may challenge this finding under *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a motion to proceed IFP on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order. *See, e.g.*, *Dobbins v. Davis*, 764 F. App'x 433, 434 (5th Cir. 2019) (per curiam) (applying *Baugh* to state prisoner's appeal in federal habeas action).

The Court further **DIRECTS** the Clerk of Court to, solely for statistical purposes, **REOPEN** and then **CLOSE** this case based on this order.

**SO ORDERED.**

SIGNED May 20, 2025.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.